IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW GEORGE HARVEY, JR.,

    Plaintiff,                   No. 2:94-cv-1028 GEB DAD P

    vs.

ANA M. OLIVAREZ,

    Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 10, 1995, this action was stayed and administratively closed pending resolution of related claims in another action. By order filed October 23, 2012, plaintiff was granted fourteen days in which to file either a request for voluntary dismissal of this action or a motion to lift the stay. Order filed October 23, 2012 (Doc. No. 26), at 2. In that same order, plaintiff was advised that failure to respond to the order would result in a recommendation that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The fourteen day period has now expired and plaintiff has not responded to the court's order.

          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

1

1 court order the district court must weigh five factors including: '(1) the public's interest in
2 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
3 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
4 and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
5 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
6 F.3d 52, 53 (9th Cir. 1995).

7 In determining to recommend that this action be dismissed, the court has
8 considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly
9 support dismissal of this action. The action was filed over eighteen years ago. Plaintiff's failure
10 to comply with the Local Rules and the court's October 23, 2012, order suggests that he has
11 abandoned this action and that further time spent by the court thereon will consume scarce
12 judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

13 The fifth factor also favors dismissal. The court has advised plaintiff of the
14 consequences of failing to respond to this order, and plaintiff has not responded in any way. The
15 court finds no suitable alternative to dismissal of this action.

16 The third factor, prejudice to defendants from plaintiff's failure to respond to the
17 court's order, also favors dismissal. Plaintiff's failure to respond to the order does not put
18 defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants
19 would only be "disadvantaged" by a decision by the court to continue an action plaintiff has
20 abandoned. The fourth factor, public policy favoring disposition of cases on their merits, does
21 not mitigate against dismissal of this action. The court reached the merits of the claims presented
22 by plaintiff in this action concerning water quality at Deuel Vocational Institution (DVI) in the
23 lead case to which this case was related. See Yellen v. Olivarez, No. 2:94-cv-1298 GEB DAD P
24 (Doc. Nos. 297 and 302).

25 Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that
26 this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6   objections shall be filed and served within fourteen days after service of the objections.  The
7   parties are advised that failure to file objections within the specified time may waive the right to
8   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: November 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
harv94cv1028.46